Dear Ms. Holt:
This office is in receipt of your opinion request, directed to Attorney General Richard P. Ieyoub. You raise the following issue for our resolution:
 How may votes constitutes a majority when taking official action? Is it a majority of the full Council, or a majority of those members present and voting?
When this office is asked to determine the number of votes necessary for board or commission action, it is appropriate for us to examine the written rules or by-laws of that entity to insure conformity with state law. (See for example, Attorney General Opinion 92-162, enclosed.) However, we have been unable to locate any statutory authority specifically providing voting requirements for your Council.
In the event that there is no controlling statutory authority, it would then be appropriate to interpret the by-laws as the authority governing formal procedures of the Council. We are unaware of whether by-laws have been enacted for your Council, or if by-laws do exist, we have not been provided a copy of same with your opinion request. In the absence of written by-laws and rules, it is appropriate for the Council to adopt and operate under Robert's Rules of Order Newly Revised, Scott, Foresman and Company, (1970). (See enclosed Attorney General Opinion 88-500).
Finally, as you are aware, there is a distinction between the supermajority requirement of the affirmative vote of a majority of the membership of the Council, versus the majority vote of those members present and voting. Although not controlling with respect to your Council, we note for purposes of analogy the provisions of the Lawarson Act statutes, LSA-R.S.33:321 et seq., governing municipal boards of aldermen, makes this distinction with respect to different matters presented for board approval. Under those statutes, it remains the opinion of this office that a quorum (a majority of the membership) must be present to transact any business; that the affirmative supermajority vote (a majority of the entire membership) must vote in favor of the enactment of an ordinance; and that a lessor vote of a simple majority of the members present and voting (i.e., a majority of the quorum) is necessary to address administrative matters. (See enclosed Attorney General Opinion 93-381). Always remember that the by-laws promulgated by the Council, a public body, may not abrogate the provisions of the Open Meetings Law, LSA-R.S. 42:4.1, et seq. See for example, LSA-R.S. 42:7 concerning the number of votes necessary to add an item to the agenda.
For purposes of clarity, we suggest that the Council adopt by-laws, or amend those by-laws which may already be in existence, to provide clear authority governing the requisite vote necessary for the Council to take formal action. Within those by-laws, it remains within the discretion of the Council to impose a supermajority voting requirement, or something less, requiring only a majority vote of the quorum, in order to take formal action. The Council could differentiate between those votes necessary to address matters of serious import, versus the number of votes necessary to address administrative matters. We do suggest that you include a provision defining what constitutes a quorum for the conduction of all Council business.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0281